No. 12-17803

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ESPANOLA JACKSON, et al.,

*Plaintiffs-Appellants*,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

*Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(CV-09-2143-RS)

*JACKSON v. SAN FRANCISCO* **APPELLANTS' RESPONSE TO**
*YOUNG v. HAWAII* **APPELLANT'S MOTION TO ALIGN OR**
**EXPEDITE APPEAL**

C. D. Michel (S.B.N. 144258)
Glenn S. McRoberts (S.B.N. 144852)
Clinton B. Monfort (S.B.N. 255609)
Anna M. Barvir (S.B.N. 268728)
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Tel. No. (562) 216-4444
Fax No: (562) 216-4445
e-mail: cmichel@michellawyers.com

**Counsel for Plaintiffs-Appellants**

## <u>TABLE OF CONTENTS</u>

**PAGE**

**INTRODUCTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF FACTS**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**I.     THE *JACKSON* AND *YOUNG* CASES DO NOT RAISE THE SAME ISSUES ON APPEAL** .. . . . . . . . . . . . . . . . . . . . . . 5

     **A.     The *Young* Appellant Has Raised No Argument on Appeal Concerning Protections for Ammunition Under the Second Amendment**. . . . . . . . . . . . . . . . . . . . . . . 6

     **B.     The *Young* Appellant's Attempt to Raise Additional Issues and Arguments Linking *Young* to *Jackson* Is Improper**. . . . . . . . . . . . . . . . . . . . . . 7

     **C.     The *Young* Appellant Concedes the Cases Are Not Related if the Merits Panel Rejects the *Young* Appellant's Additional Arguments**. . . . . . . . . . . . . . . . . . . . 9

     **D.     Even if the *Young* Appellant's Supplemental Brief Is Accepted, the Relief Sought by the *Jackson* Appellants Will Not Impact the *Young* Appeal** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**II.    ALIGNMENT OF THESE CASES IS LIKELY TO PREJUDICE THE *JACKSON* APPELLANTS**. . . . . . . . . . . . . . 12

i

## TABLE OF CONTENTS (CONT.)

**PAGE**

**III.  THE *YOUNG* APPELLANT'S MOTION SHOULD BE CONSTRUED AS A REQUEST TO HAVE J*ACKSO*N AND YOUNG HEARD BY THE SAME PANEL**. . . . . . . . . . . . 14

**IV.  THE MERITS PANEL SHOULD DECIDE WHETHER THE CASES ARE RELATED AND WILL BE JOINED FOR PURPOSES OF ORAL ARGUMENT**. . . . . . . . . . . . . . . . 14

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

## <u>FEDERAL CASES</u>

*Bateman v. Perdue*,
No. 5:10-265, 2012 WL 30685805 at *4 (E.D. N.C. Mar. 29, 2012). . . . . 10

*District of Columbia v. Heller*,
554 U.S. 570 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Greenwood v. Fed. Aviation Admin.*,
28 F.3d 971 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Herrington v. United States*,
6 A.3d 1237 (D.C. Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Masciandaro*,
638 F.3d 458 (4th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## <u>STATE CASES</u>

*Andrews v. State*,
50 Tenn. 165 (1871). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## <u>STATUTES & RULES</u>

Haw. Rev. Stat. § 134-5.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Haw. Rev. Stat. § 134-9.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Haw. Rev. Stat. § 134-16.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Haw. Rev. Stat. §  134-23. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

## TABLE OF AUTHORITIES (CONT.)

**PAGE(S)**

**STATUTES & RULES (CONT.)**

Haw. Rev. Stat. § 134-24.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Haw. Rev. Stat. § 134-25.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Haw. Rev. Stat. § 134-27.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Haw. Rev. Stat. § 134-52.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 27a(3) of the Federal Rules of Appellate Procedure, Appellants in *Jackson v. City and County of San Francisco*, Ninth Circuit Case No. 12-17803, ("*Jackson* Appellants") hereby oppose the motion by the Appellant in *Young v. Hawaii*, Ninth Circuit Case No. 12-17808, ("*Young* Appellant" or "Appellant Young") to "align or expedite appeal." The motion to align was filed in the *Young* Appellant's separate matter on April 22, 2013. The motion has been assigned initially to an attorney in the Clerk's Office for review. Order, *Young*, No. 12-17808 (9th Cir. Apr. 12, 2013), Doc. No. 25 (citing Ninth Cir. R. 27-7). As neither case has been assigned to a merits panel, the *Jackson* Appellants file this opposition, here, under their own case number.

## INTRODUCTION

In his motion to align, the *Young* Appellant seeks to bind the *Young* and *Jackson* matters together by asking this Court to assign both cases to the same merits panel. Appellant *Young's* motion is captioned and titled as a "Motion to Align or Expedite Appeal," but affirmatively requests to be "assigned the same panel" as *Jackson*. The *Jackson* Appellants recognize that these cases will be screened and may be "clustered" by the Court's clerks or case management

1

attorneys, Ninth Cir. Advisory Comm. Note R. 34-1 to 34-3, but note that Appellant Young's request for this Court to affirmatively assign the cases to the same panel due to potential prejudice to the *Young* Appellant is without merit. To the extent that the *Young* Appellant's motion might be deemed a request for alignment of oral argument, either expediting hearing on the *Young* Appellant's appeal, or delaying hearing on the *Jackson* Appellants' appeal, such relief is premature, unwarranted, and prejudicial to the *Jackson* Appellants.

## STATEMENT OF FACTS

### The *Jackson* Case

*Jackson* challenges two ordinances enacted by the City and County of San Francisco, raising two narrow issues:

1)      Does the government violate the Second Amendment right "to use arms in defense of hearth and home" by requiring competent, law-abiding adults to keep their handguns in a locked box or disabled with a trigger-lock at all times within the sanctity of their homes, unless the handguns are "carried on the person"?; and

2)      Does the government violate the Second Amendment by banning the retail sale of ammunition typically used by law-abiding citizens for the core, lawful purpose of self-defense?

2

*Jackson* comes before this Court on appeal from a denial of the Jackson Appellants' Motion for Preliminary Injunction below. *Jackson* offers the Court a fully-developed legal and factual record, including multiple party and expert declarations. E.R. I 001-08, II 013-187, III 188-415, IV 416-532. The *Jackson* Appellants' claims also come before this court having survived a motion to dismiss wherein Plaintiffs' standing was clarified. E.R. IV 430-36. The issues were fully briefed and narrowed in the district court, and *Jackson* is now ripe for merits review by this Court.

## The *Young* Case

*Young* involves a challenge brought by a pro se plaintiff in the district court to Hawaii's entire weapons chapter. The district court granted the government's motion to dismiss on the basis of sovereign immunity, failure to serve, and failure to state a claim. Order at 38-40, *Young*, No. 12-00336 (D. Haw. Nov. 29, 2012), Doc. No. 42. The district court's denial of the Second Amendment claims for failing to allege a constitutional violation stemmed from the Court's ruling that the Second Amendment does not afford protections outside the home. *Id*. at 24-28. These issues aside, it is unclear which claims, if any, the *Young* Appellant would have standing to pursue because the complaint does not allege an intention to engage in much of the conduct prohibited by Hawaii's weapons chapter.

3

Complaint, *Young*, No. 12-00336 (D. Haw. June 12, 2012), Doc. No. 1. It is also unclear from the *Young* Appellant's briefing which provisions are being challenged on appeal.

On April 10, 2013, the *Young* Appellant filed an opposition to the government's motion to strike multiple 28(j) letters filed by Appellant Young. The opposition also sought leave to file a supplemental brief and stated that additional arguments were necessary to correct the "poorly defined . . . relief requested," and the "[failure] to include pertinent statutory and case law." Memorandum of Law in Support of Defendants' Motion to Strike at 2, *Young*, No. 12-17808 (9th Cir. Apr. 10, 2013), Doc. No. 24-2. Even so, many provisions of Hawaii's weapons chapter remain unaddressed by the *Young* Appellant's briefing on appeal, as do many issues raised by the district court's order granting the government's motion to dismiss.

On April 12, 2013, this Court issued an order referring the motion to strike and the *Young* Appellant's motion to file a supplemental brief to a merit's panel for resolution once assigned.  Order, *Young*, No. 12-17808 (9th Cir. Apr. 12, 2013), Doc. No. 25. On April 14th, the *Young* Appellant filed a Notice of Related Case with *Jackson*, asserting that if "the panel that hears Mr. Young's appeal denies Defendant's [sic] motion to strike, [*Jackson*] is a related case." Notice of

4

Related Case at 1, *Young*, No. 12-17808 (9th Cir. Apr. 14, 2013), Doc. No. 28. On April 22, 2013, the *Young* Appellant filed a motion to align his case with *Jackson* or to expedite his appeal. *Young*, No. 12-17808 (9th Cir. Apr. 22, 2013), Doc. No. 29.

## ARGUMENT

As a preliminary matter, the *Jackson* Appellants did not include *Young* in the Statement of Related Cases section of their Opening Brief because the cases do not appear to be related beyond raising challenges under the Second Amendment. The *Jackson* Appellants have no objection to these cases being considered potentially related and possibly assigned to the same merits panel. But a motion at this stage to conclusively deem these cases related, and potentially align them, is premature, improper and prejudicial. The *Jackson* Appellants' respectfully request the Court deny the motion for each of the following reasons.

## I.    THE *JACKSON* AND *YOUNG* CASES DO NOT RAISE THE SAME ISSUES ON APPEAL

Appellant Young's assertion that *Jackson* and *Young* should be assigned the same merits panel because they raise the same issue on appeal, i.e., whether and how protections are afforded to various types of ammunition under the Second

Amendment, is without merit. Motion to Align or Expedite Appeal at 1-2, *Young*, No. 12-17808 (9th Cir. Apr. 22, 2013), Doc. No. 29.

> **A.    The *Young* Appellant Has Raised No Argument on Appeal Concerning Protections for Ammunition Under the Second Amendment**

On February 16, 2013, the *Young* Appellant filed a forty-two page opening brief addressing several provisions of Hawaii's weapons scheme. His opening brief primarily presents arguments that Hawaii's discretionary "carry" policies codified at Hawai'i Revised Statutes ("H.R.S.") section 134-9 are unconstitutional. Appellant's Opening Brief at 5-26, *Young*, No. 12-17808 (9th Cir. Feb. 16, 2013), Doc. No. 6. Appellant Young's brief further argues that H.R.S. section 134-23 and section 134-25[1], in conjunction with section 134-9, are unconstitutional to the extent they present a near total ban on carrying rifles and shotguns for self-defense. *Id*. at 29-33.  Finally, the *Young* Appellant argues that H.R.S. section 134-16, section 134-52, and section 134-52 are unconstitutional restrictions on electric guns, switchblade knives, and butterfly knives, respectively. *Id*. at 35-41. His opening brief presents no argument or discussion concerning protections afforded to various types of ammunition under the Second Amendment, or even

---

[1] Appellant Young filed an errata to his opening brief clarifying that he inadvertently identified H.R.S. section 134-5 as H.R.S. section 134-25. Notice of Errata at 1, *Young*, No. 12-17808 (9th Cir. Feb. 25, 2013), Doc. No. 10.

ammunition generally. As this Court has noted, "only issues which are argued specifically and distinctly in a party's opening brief" will be reviewed. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Accordingly, the *Young* Appellant has not raised issues warranting alignment with *Jackson*.

    **B.**    **The *Young* Appellant's Attempt to Raise Additional Issues and Arguments Linking *Young* to *Jackson* Is Improper**

Appellant Young contends (it appears) that arguments raised in a Proposed Supplemental Brief filed with this Court on April 10, 2013, justify his request to have *Young* assigned to the same merits panel and potentially aligned with *Jackson*. *See generally* Motion to Align or Expedite Appeal, *Young*, No. 12-17808 (9th Cir. Apr. 22, 2013), Doc. No. 29; *see generally* Memorandum of Law in Support of Defendants' Motion to Strike, *Young*, No. 12-17808 (9th Cir. Apr. 10, 2013), Doc. No. 24-2. As explained, infra, the additional arguments raised by the *Young* Appellant do not warrant tying *Jackson* and *Young* together. *See infra* Part I. D. at 8-10. The Court need not reach this issue, however, as the request for leave to file the supplemental brief is defective and without merit in its own right.

Federal Rule of Appellate Procedure 27(a)(2) sets forth the requirements for contents of a motion. Specifically, a motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to

support it. Similarly, Rule 27(a)(3)(B) provides that a response to a motion may include a motion for affirmative relief, and it provides that the title of the response must alert the court to the request for relief. Further, Rule 27(a)(2)(C)(i) orders that a separate brief supporting or responding to a motion must not be filed. Nonetheless, on April 10th, Appellant Young filed a "Response to Defendant's Motion to Strike; Affirmative Relief Requested" and a separate "Memorandum of Law in Support of Plaintiff Young's Response to Defendant's Motion to Strike." His request for affirmative relief fails to identify the relief sought, and it improperly brings the motion pursuant to "Rule 27(B) [sic]" of the Federal Rules of Civil Procedure. Memorandum of Law in Support of Defendants' Motion to Strike at 17, *Young*, No. 12-17808 (9th Cir. Apr. 10, 2013), Doc. No. 24-2.

Appellant Young's Memorandum of Law in Support of Opposition to Motion to Strike his multiple Rule 28(j) letters suggest that additional arguments are raised because Appellant Young's Opening Brief failed to properly define the relief sought and left out pertinent statutory and case law, and a supplemental brief should be permitted to "present the issues in a suitable manner." *Id*. But, like his request for affirmative relief, the *Young* Appellant's supporting memorandum fails to provide legal authority to bring the motion, again relying on "Rule 27(B) [sic]" of the Federal Rules of Civil Procedure, and it fails to provide any legal authority

8

warranting the submission of additional arguments and issues in a supplemental brief. *Id*.

For each of these reasons, the arguments contained in the proposed supplemental brief should not be considered as justification for binding the *Young* and *Jackson* appellants together.

**C.    The *Young* Appellant Concedes the Cases Are Not Related if the Merits Panel Rejects the *Young* Appellant's Additional Arguments**

The Notice of Related Case filed by the *Young* Appellant expressly concedes that *Jackson* and *Young* are not even related unless the panel that hears the appeal rules in the *Young* Appellant's favor on his Opposition to the Motion to Strike and simultaneous request for affirmative relief. Notice of Related Case at 1, *Young*, No. 12-17808 (9th Cir. Apr. 14, 2013), Doc. No. 28. Accordingly, should the Court disallow the *Young* Appellant's additional arguments, the Court should summarily deny the instant motion.

**D.    Even if the *Young* Appellant's Supplemental Brief Is Accepted, the Relief Sought by the *Jackson* Appellants Will Not Impact the *Young* Appeal**

The issue raised in *Jackson* is whether the government may ban the sale of certain types of ammunition that are typically used for lawful purposes, and thus protected by the Constitution. Resolution of this issue does not impact the *Young*

9

Appellant's ability to succeed in his appeal. First, the constitutionality of provisions of the H.R.S. raised by the *Young* Appellant on appeal does not turn on whether certain types of ammunition are afforded protection under the Second Amendment. Rather, the arguments concerning ammunition raised in the *Young* Appellant's proposed supplemental brief arise under H.R.S. sections 134-23, 134-24, 134-25, and 134-27, provisions that place restrictions on *all* ammunition generally.[2] Whether ammunition generally, a necessary component of a functional firearm, is protected by the Second Amendment is not in dispute, nor is the *Jackson* Appellants' position on this issue incongruent with the *Young* Appellant's.[3]

---

[2] Section 134-23 restricts ammunition that is loaded into a firearm other than a pistol or revolver. All ammunition, however, that can be loaded and fired from a pistol or revolver, can also be loaded and fired from a long gun. Hence, section 134-23 effectively restricts all ammunition.

[3]*See Andrews v. State*, 50 Tenn. 165, 178 (1871) (cited approvingly by *District of Columbia v. Heller*, 554 U.S. 570, 614 (2008); *Bateman v. Perdue*, No. 5:10-265, 2012 WL 30685805 at *4 (E.D. N.C. Mar. 29, 2012); *Herrington v. United States*, 6 A.3d 1237, 1243 (D.C. Cir. 2010); *see also* Br. of Appellees City and County of San Francisco and Its Mayor and Chief of Police (the *Jackson* Appellees do not contest that ammunition is protected by the Second Amendment); Appellant's Opening Br. 40; *see also* Appellant's Supp. Br. at 8, *Young*, No. 12-17808 (9th Cir. April 10, 2013), Doc. No. 23-1 (recognizing that ammunition is protected generally by the Second Amendment).

Instead, the success of the *Young* Appellant's claims on the merits (should this Court reach them) against these provisions of the H.R.S. turn on whether his Second Amendment rights are violated by laws that limit the carry and transportation of ammunition to and from specified locations. *See, e.g.*, H.R.S. § 134-27.[4] To this end, the *Young* Appellant's primary complaint with these statutes, raised for the first time on appeal in a supplemental brief, appear to be that he "faces criminal prosecution for transporting . . . [any] ammunition to a friend's house to show his friend his . . . ammunition" or to a "Mason lodge or other unorganized area to display" it. Appellant's Supplemental Brief at 14, *Young*, No. 12-17808 (9th Cir. Apr. 10, 2013), Doc. No. 23-1.

---

[4]  The full text of H.R.S. section 134-27 reads:

> §134-27. (a)  Except as provided in sections 134-5 and 134-9, all ammunition shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry ammunition in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence, or sojourn, or between these places and the following: (1) A place of repair; (2) A target range; (3) A licensed dealer's place of business; (4) An organized, scheduled firearms show or exhibit; (5) A place of formal hunter or firearm use training or instruction; or (6) A police station.

> "Enclosed container" means a rigidly constructed receptacle, or a commercially manufactured gun case, or the equivalent thereof that completely encloses the ammunition.

11

Whether the *Young* Appellant has the right to transport any ammunition to these destinations, and whether he has properly pleaded a cause of action to pursue this claim, is not impacted by the claims at issue in *Jackson*. For that further reason, the *Young* Appellant's request to tie *Young* to *Jackson* is without merit and should be denied.

## II.     ALIGNMENT OF THESE CASES IS LIKELY TO PREJUDICE THE *JACKSON* APPELLANTS

It is unnecessary and prejudicial to bind the *Jackson* Appellants to a case that will not reach the issue before this Court in *Jackson*, i.e. whether certain ammunition that is protected by the Second Amendment can be banned from sale outright.

The *Young* Appellant's case was dismissed on Rule 12(b)(6) grounds because the district court found no Second Amendment right to arms existed outside the home. *Young*, it would appear, is far more likely to turn on the outcome of whether the Second Amendment extends beyond the home. That issue has been fully briefed and argued before this Court, and the parties are currently awaiting the Court's ruling. *Peruta v. County of San Diego*, No. 10-56971 (9th Cir. argued Dec. 6, 2012); *Richards v. Prieto*, No. 11-16255 (9th Cir. argued Dec. 6, 2012); *Baker v. Kealoha*, No. 11-00528 (9th Cir. argued Dec. 6, 2012).

12

Even if this Court confirms a Second Amendment right to carry firearms and ammunition outside the home, the case would then likely face remand to determine whether an ordinance restricting transportation to and from listed locations violates the Second Amendment. It is prejudicial to bind the *Jackso*n appeal, properly before the Court on a motion for preliminary injunction that is entitled to expedited review, to a case that is plagued with procedural deficiencies and headed for remand, at best.

It is further prejudicial to the *Jackson* Appellants to have the narrow, well-defined issues before the Court in *Jackson* joined with a case challenging Hawaii's entire weapons scheme. Second Amendment jurisprudence is in its infancy. As the Honorable J. Harvie Wilkinson III noted in a recent Second Amendment case, "[t]he whole matter strikes us as a vast terra incognita that courts should enter only upon necessity and only then by small degree." *United States v. Masciandaro*, 638 F.3d 458, 475 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 756 (U.S. 2011). Consideration of *Jackso*n separately will allow the *Jackson* parties and the Court to properly focus on the arguments before the Court in that appeal. This will allow the Court to approach the Second Amendment incrementally, expounding upon jurisprudence concerning a newly confirmed fundamental right and developing an appropriate legal framework deliberatively and in due course.

13

### III. THE YOUNG APPELLANT'S MOTION SHOULD BE CONSTRUED AS A REQUEST TO HAVE *JACKSON* AND *YOUNG* HEARD BY THE SAME PANEL

Federal Rule of Appellate Procedure 27(a)(2)(A) requires that a motion "state with particularity" the "relief sought." Despite its caption, the *Young* Appellant's motion does not present any argument or seek any relief concerning the alignment of the two cases for scheduling of oral argument. *See* Motion to Align or Expedite Appeal, *Young*, No. 12-17808 (9th Cir. Apr. 22, 2013), Doc. No. 29. Rather, the Motion to Align or Expedite requests only that the cases be assigned the same panel. Accordingly, the motion should be construed as seeking only to have the cases assigned the same merits panel.

### IV. THE MERITS PANEL SHOULD DECIDE WHETHER THE CASES ARE RELATED AND WILL BE JOINED FOR PURPOSES OF ORAL ARGUMENT

When *Jackson* is fully briefed and assigned to a merits panel, that panel can then decide whether the cases are formally "related," and whether it wants to hear arguments in the two cases together or separately. This will allow the panel to consider the status of each case, the panel's assessment of the issues presented, and the status of other potentially-related cases. There is no pressing reason to decide in advance issues that should be decided by the merits panel in this case, and the Court has already deferred consideration of the *Young* Appellant's request to file a supplemental brief for resolution by the merits panel.

14

## CONCLUSION

For each of the foregoing reasons, the *Jackson* Appellants respectfully request that this Court deny the *Young* Appellant's Motion to Align or Expedite Appeal.

Date: April 26, 2013

**MICHEL & ASSOCIATES, P.C.**

/s/ C. D. Michel
C. D. Michel
Attorney for Plaintiffs-Appellants

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 26, 2013, an electronic PDF of ***JACKSON v. SAN FRANCISCO* APPELLANTS' RESPONSE TO *YOUNG v. HAWAII* APPELLANT'S MOTION TO ALIGN OR  EXPEDITE APPEAL** was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Date: April 26, 2013                    **MICHEL & ASSOCIATES, P.C.**

/s/ C. D. Michel
C. D. Michel
Attorney for Plaintiffs-Appellants

16