

December 13, 2013

**<u>Via Electronic Case Filing</u>**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      **Re:**  *Jackson v. City & County of San Francisco*, **Case No. 12-17803**
            Argued October 7, 2013 (Judges Smith, Nelson, & Ikuta)
            Appellants' Citation of Supplemental Authority, Fed. R. App. P. 28(j)

Dear Ms. Dwyer:

      Appellants write in response to Appellees' November 21, 2013 letter addressing this Court's recent decision in *United States v. Chovan*, 2013 U.S. App. LEXIS 23199 (9th Cir. Nov. 18, 2013). Although Appellees correctly note that *Chovan* set forth a two-step framework for evaluating Second Amendment challenges, they are manifestly wrong to insist that *Chovan* supports applying intermediate scrutiny here.

      *Chovan* applied a two-step analysis that "(1) asks whether the challenged law burdens conduct protected by the Second Amendment and, (2) if so, directs courts to apply an appropriate level of scrutiny." Slip op. 18. To determine the appropriate level of scrutiny, *Chovan* looked to "how close the law comes to the core of the Second Amendment right" and "the severity of the law's burden on the right." Slip op. 21.

      Applying that analysis, the City's locked-storage mandate must satisfy strict scrutiny. As even the City acknowledges, the conduct burdened—the right to bear arms in the home for self-defense—is at the very core of the Second Amendment. App. Br. 9, 26-28; Reply Br. 2-3. And the burden imposed is particularly severe; the mandate does not regulate "the *manner* in which" Second Amendment rights may be exercised, slip op. 22, but rather directly interferes with the ability to access operable firearms at all times, with potentially deadly consequences in the event of a self-defense emergency. App. Br. 29-34. Accordingly, both prongs of *Chovan*'s analysis readily support application of strict scrutiny to the mandate.

Molly Dwyer
December 13, 2013
Page 2

      The same is true as to Appellants' challenge to the City's ammunition law. Although the City's categorical ban on the sale of ammunition in common use for lawful purposes cannot survive any permissible standard of scrutiny, App. Br. 46-59, it is also plainly subject to strict scrutiny. As with the locked-storage mandate, a flat ban on access to the most common and effective ammunition for self-defense in the home has nothing whatsoever to do with the manner in which Second Amendment rights are exercised, but is rather simply a severe and unconstitutional burden on activity at the very core of the Second Amendment. App. Br. 50-52.

                                              Respectfully submitted,

                                              s/Paul D. Clement
                                              Paul D. Clement

                                              *Attorney for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2013, an electronic PDF of this Rule 28(j) letter was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

s/Paul D. Clement
Paul D. Clement