

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law

**SENIOR COUNSEL**
C. D. Michel*

**SPECIAL COUNSEL**
Joshua R. Dale
W. Lee Smith

**ASSOCIATES**
Anna M. Barvir
Sean A. Brady
Scott M. Franklin
Thomas E. Maciejewski
Clint B. Monfort
Tamara M. Rider
Joseph A. Silvoso, III
Los Angeles, CA

\*   Also admitted in Texas and the
    District of Columbia

Writer's Direct Contact:
562-216-4444
CMichel@michellawyers.com

**OF COUNSEL**
Don B. Kates
Battleground, WA

Ruth P. Haring
Matthew M. Horeczko
Los Angeles, CA

Glenn S. McRoberts
San Diego, CA

**AFFILIATE COUNSEL**
John F. Machtinger
Jeffrey M. Cohon
Los Angeles, CA

David T. Hardy
Tucson, AZ

March 10, 2014

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103
**VIA E-FILING**

    Re:   *Jackson v. City & County of San Francisco*, Case No. 12-17803
          Argued October 7, 2013 (Judges Smith, Nelson, & Ikuta )
          Appellants' Citation of Supplemental Authority, Fed. R. App. P. 28(j)

Dear Ms. Dwyer:

    Pursuant to FRAP 28(j), Plaintiffs-Appellants bring to this Court's attention *Peruta v. County of San Diego*, No. 10 56971. In holding unconstitutional a policy denying most individuals the right to carry an operable firearm in public, this Court confirmed that laws that destroy a right central to the Second Amendment are categorically invalid. Such is the case here.

    Section 613 destroys the right to purchase ammunition overwhelmingly chosen for self-defense. That restriction is no more compatible with the Second Amendment than the handgun restriction struck down in *Heller*. Just as in *Heller*, it is "no answer" that other ammunition is available, as the ammunition the City restricts is "the quintessential self-defense" choice. *Dist. of Columbia v. Heller*, 554 U.S. 570, 629 (2008). The City is also "profoundly mistaken" in its assertion that the impact of the ban is minimal because Appellants can purchase the ammunition from retailers outside the City. *Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011). The City may not ban protected ammunition "under the guise

of regulating it." Slip op. 67.

Section 4512 also effectively negates Appellants' right to "keep" an operable firearm. Although the City permits residents to "carry" firearms at home, it forces them to render their firearms inoperable whenever it is impractical, unsafe, or impossible to carry them. That restriction, too, is categorically invalid, or, at minimum, subject to strict scrutiny, which it fails. A.O.B. 22-33; Reply 10-13.

As *Peruta* makes clear, courts may not approve Second Amendment incursions by affording a "high degree of deference" to the legislatures that imposed them. *Id*. at 72-73. Instead, courts must meaningfully scrutinize whether the government satisfied its burden of proving a restriction does not restrict substantially more conduct than necessary. Here, the City has failed to do so. The City has not established that requiring law-abiding adults to lock their firearms when they are home alone is narrowly tailored to prevent unauthorized access. Nor has the City established that its outright ban on the sale of the quintessential self-defense ammunition is a remotely narrowly tailored means of targeting misuse by criminals.

Respectfully submitted,

/s/ C. D. Michel
C.D. Michel
Attorney for *Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2014, an electronic PDF of Appellants' Citation of Supplemental Authority letter was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

    /s/ C. D. Michel
C. D. Michel
Attorney for *Plaintiffs-Appellants*